BJB/5465slt

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JUDY VAUGHN and <br> 2. JOHN VAUGHN <br><br> Plaintiffs, <br><br> vs. <br><br> 1. UNITED STATES OF AMERICA, ex rel., <br> DEPARTMENT OF HEALTH AND HUMAN <br> SERVICES, INDIAN HEALTH SERVICE/ <br> TRIBAL HEALTH CENTERS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-10-1132-C <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COME NOW plaintiffs, Judy Vaughn and John Vaughn, husband and wife, and for their cause of action against defendant allege and state:

I.

Plaintiffs are residents of Cleveland County, Oklahoma.

II.

Jurisdiction is proper pursuant to 28 U.S.C. §1346(b)(I).

III.

The acts complained of herein occurred at Carl Albert Indian Hospital, now known as Chickasaw Nation Medical Center (CNMC). CNMC is a tribal entity contracted with the Indian Health Care Service. Its employees are deemed employees of the federal government and are covered by the Federal Tort Claims Act.

IV.

Venue in the Western District of Oklahoma is proper pursuant to 28 U.S.C. §1402(b).

V.

Plaintiffs timely served their Governmental Tort Claims Notice on January 28, 2010. No denial letter has been received.

VI.

Plaintiff Judy Vaughn was admitted to Carl Albert Indian Hospital on July 17, 2008, for cholecystectomy. During this hospitalization the following acts of negligence were committed.

    a.    Performance of what should have been recognized as a complex biliary tract operation at a facility without all necessary resources readily available for biliary tract evaluation and operative therapy.

    b.    Performance of surgery where abnormal anatomy was predictable by a surgeon other than an experienced biliary tract specialist.

    c.    Failure by the surgeon to discontinue the operation when he found the anatomy "confusing."

    d.    Failure to be certain that the biliary ductal system was intact before closing the abdomen.

    e.    Failure to thoroughly cauterize the mucosa to ablate remaining mucus secreting cells.

    f.    Failure to culture bile to provide specific information about bacteriology.

    g.    Failure to leave a catheter for biliary ductal system or gallbladder remnant.

    h.    Failure to promptly and adequately investigate the leakage of a large volume of frank bile postoperatively.

I. Failure to timely transfer the patient to a facility with the appropriate resources and personnel to properly diagnose and treat Ms. Vaughn's postoperative complications.

j. Failure to timely order DVT prophylaxis.

VII.

Defendant's negligence proximately caused Judy Vaughn unnecessary physical and emotional pain and suffering, past and future, unnecessary medical care and expenses, past and future, permanent loss of function, physical injury and significant risk of future liver damage, liver failure and death. Defendant's negligence caused John Vaughn to suffer loss of consortium and plaintiffs to suffer loss of income.

VIII.

Plaintiffs have consulted with a qualified expert witness pursuant to 12 O.S. § 19 and have obtained an opinion that this case is meritorious. (Affidavit attached and marked as Exhibit 1.)

IX.

Plaintiffs request all damages recoverable by law in the amount of $1,500,000.00.

BUTTS & MARRS, P.L.L.C.

/s/ Benjamin J. Butts
Benjamin J. Butts     OBA No. 10228
Perry T. Marrs, Jr.   OBA No. 11914
5655 North Classen Boulevard
Oklahoma City, OK 73118
405/608-0098
405/608-0083 - Facsimile
Firm@mbmlaw.net
    Attorneys for Plaintiff

**ATTORNEY'S LIEN CLAIMED**

3